# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| DAVID PANNELL, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | 1:12-cv-01301-JMS-DML |
|  | ) |  |
| SUPERINTENDENT, Indiana State Prison, | ) |  |
|  | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**Entry and Order Dismissing Action**

**I.**

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies." *Baldwin v. Reese,* 541 U.S. 27, 29 (2004)(citing 28 U.S.C. ' 2254(b)(1)). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(d). The exhaustion requirement is that a state prisoner, before filing a habeas petition, has presented the highest state court available with a fair opportunity to rule on the merits of each claim he seeks to raise in this case. 28 U.S.C. ' 2254(b), (c). *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues.").

In this case, the procedural inquiry is conclusive as to the proper outcome. The habeas petition shows on its face that the proceedings of petitioner Pannell in the Indiana state courts are not complete. This shows that his present habeas filing was premature. The action must therefore

be **dismissed without prejudice**. Petitioner's motion to amend his petition [dkt. 40] is **denied.**

**II.**

The parties agree that this action is not a good candidate for a stay and abey and accordingly, this court will not pursue that subject further.

**III.**

Judgment consistent with this Entry shall now issue.

**IV.**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254* proceedings, and 28 U.S.C. § 2253(c), the court finds that Pannell has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling[s]." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 05/01/2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

David Pannell
DOC #963265
Indiana State Prison
Inmate Mail/Parcels
One Park Row
Michigan City, IN 46360

Electronically Registered Counsel