UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID PANNELL, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 1:12-cv-01301-JMS-DML |
| SUPERINTENDENT, Indiana State Prison, | ) ) ) ) |
| Respondent. | ) |

**ENTRY DISCUSSING MOTION FOR TEMPORARY RESTRAINING ORDER
AND MOTION FOR PRELIMINARY INJUNCTION**

Petitioner David Pannell, a state prisoner who filed this action seeking a writ of habeas corpus, has filed a motion for a temporary restraining order and motion for a preliminary injunction to ensure that Pannell receives meaningful access to the prison law library.

"'[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (per curiam) (quoting 11A Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, **FEDERAL PRACTICE AND PROCEDURE** § 2948, pp. 129-30 (2d ed.1995) (footnotes omitted)). Before a court will grant a preliminary injunction, the movant must demonstrate a likelihood of success on the merits, the existence of an irreparable harm without the injunction, and an inadequate remedy at law. *Meridian Mut. Ins. Co. v. Meridian Ins. Group, Inc*., 128 F.3d 1111, 1114 (7th Cir. 1997). If the moving party meets this threshold burden, then the court weighs the relative harms to the respective parties and the probability of the movant's success on the merits.

Pannell supports his motion for a temporary restraining order and preliminary injunction with the simple request that the prison refrain from denying him adequate access to the prison law library so that he can meet his court ordered deadlines. In *Lewis v. Casey,* 518 U.S. 343, 343 (1996), the Supreme Court held that to satisfy the element of actual injury, which is necessary to establish the denial of access to the courts, an inmate must "demonstrate that the alleged [violation] . . . hindered his efforts to pursue a legal claim." Pannell's allegations do not suggest such detriment. *Lewis* also clarified that the actual injury requirement reaches only as far as the right of access in the first place, *i.e.,* the interference with "the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Casey,* 518 U.S. at 356. Even so, reasonable access does not mean unlimited access, *Hossman v. Spradlin,* 812 F.2d 1019, 1021 (7th Cir. 1987), and hence this right remains subject to limitations in a prison environment on the same basis as other constitutional interests, which is to say that "a prison regulation impinging on inmates' constitutional rights `is valid if it is reasonably related to legitimate penological interests.'" *Id.* (quoting *Turner v. Safley,* 482 U.S. 78 (1987)). Delays and other restrictions on inmates receiving legal materials "are not of constitutional significance, even where they result in actual injury," so long as they "are the product of prison regulations reasonably related to legitimate penological interests." *Id.*, 518 U.S. at 361. The Supreme Court's admonition of giving proper respect to the individual states in the operation of their prison systems was strong: deference must be given to the states in the operation of their prisons, and even when violations are identified, states must also be accorded "`the first opportunity to correct errors made in the internal administration of their prisons.'" *Id.,* 518 U.S. 361 (quoting *Preiser v. Rodriguez,* 411 U.S. 475, 492 (1973)).

In addition, the claim raised in Pannell's motion for injunctive relief is outside the scope of his petition for writ of habeas corpus. Thus, even if Pannell were to prevail in this civil action he would not be entitled to the relief he seeks in his motion. Here, although Pannell's amended petition for writ of habeas corpus is not fully briefed, his filing history in this action demonstrates a rare abundance of access to this court. The Court will adhere to its long standing practice of adjusting schedules on a case-by-case basis to make sure that a pro se litigant has every reasonable opportunity to participate meaningfully in the development of the case. Pannell has misjudged the measures necessary to achieve the goals set forth in his motion. The Court will continue to direct the development of the action "as law and justice require," precisely as commanded by 28 U.S.C. § 2243.

Pannell's motion for a temporary restraining order and preliminary injunction [dkt. 65], is therefore **denied.** Pannell's motion for extension of time [dkt. 64] is **denied as moot**.

**IT IS SO ORDERED.**

Date: 10/15/2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

David Pannell
DOC #963265
Indiana State Prison
Inmate Mail/Parcels
One Park Row
Michigan City, IN 46360

Electronically Registered Counsel