UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DAVID PANNELL, )
)
          Petitioner, )
)
v. ) Case No. 1:12-cv-01301-JMS-DML
)
RON NEAL, Superintendent, )
)
          Respondent. )

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

Having considered the amended petition for writ of habeas corpus, the expanded record and the parties' arguments, and being duly advised, the Court finds that the amended petition must be denied. In addition, the Court finds that a certificate of appealability should not be issued. These conclusions are compelled by the following facts and circumstances:

    1.    David Pannell is a prisoner of the State of Indiana based on his conviction for the February 17, 1996, stabbing death of his wife Leisha. *See Pannell v. State*, 686 N.E.2d 824, 825 (Ind. 1997). His current custodian is **substituted** as the respondent.

    2.    It is noted in *Jones v. Butler,* 2015 WL 430436, at *1 (7th Cir. February 3, 2015), that "[i]n § 2254 proceedings, federal courts are foreclosed from fact-finding. We therefore defer to the findings of the [state] court, which [when] not been challenged . . . are presumed to be correct unless rebutted by clear and convincing evidence." (citing 28 U.S.C. § 2254(e)(1) and *Harris v. Thompson,* 698 F.3d 609, 613 (7th Cir. 2012)). The pertinent facts are summarized by the Indiana Supreme Court as follows:

> David Pannell and his wife Leisha were separated. On February 17, 1996, he visited the home where she lived with their five children. David and Leisha spent most of the afternoon and evening in her bedroom while the children played outside and in other areas of the house.
>
> That evening, after Leisha returned from a short trip to the store with some of the children to buy candy, she and David began to argue in the living room while the children watched television in her bedroom. Two of the children, then ages ten and nine, testified that they heard their father demand five dollars from Leisha, who refused, claiming she needed the money to feed the children. Shortly thereafter, they heard a door "slam open" and their mother scream. They ran to the front of the house and saw their father holding their mother down on the ground in front of the home and stabbing her with a large kitchen knife. One of the children ran outside and tried to stop him. Pannell pushed her away and continued stabbing Leisha. The children then dialed 911 and watched as Pannell stuck the knife in the ground, got into his car, and drove away.
>
> Police found Pannell approximately one hour later after his car was involved in a single-vehicle crash some three to four miles from Leisha's home. Leisha died from stab wounds to the heart and lungs.
>
> Pannell testified at trial that he did not kill his wife. He claimed that Leisha came after him with a knife after he had walked out the door, so he disarmed her, dropped the knife on the ground beside the house, and drove away.

*Pannell*, 686 N.E.2d at 826. Pannell's appeal from the denial of post-conviction relief is currently pending, but the claims and decision in the post-conviction are unrelated to the claims properly presented in this action.

  3. Pannell claimed in his direct appeal that (1) the trial court improperly excluded evidence of the victim's drug use and (2) trial that trial counsel was ineffective for failing to admit an ambulance run report and present evidence that Pannell was under the influence of drugs at the time of the offense. These claims are renewed in this habeas action. The court is also required to address the respondent's argument that Pannell's habeas petition was not timely filed.

  4. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, became effective on April 24, 1996, and governs the habeas petition in this case because Pannell filed his petition after the AEDPA's effective date.

5. "We live in a world of deadlines." *Spears v. City of Indianapolis,* 74 F.3d 153, 157 (7th Cir. 1996). One statute enacted by Congress as part of AEDPA, amended 28 U.S.C. ' 2244 to include a one-year statute of limitations for state prisoners seeking federal habeas relief. The statute of limitations applicable to federal habeas corpus actions "was Congress' primary vehicle for streamlining the habeas review process and lending finality to state convictions." *Walker v. Artuz,* 208 F.3d 357, 361 (2nd Cir. 2000). The AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> 
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The AEDPA's limitations period is subject to statutory and equitable tolling. *See Wood v. Milyard*, 132 S. Ct. 1826, 1831 (2012)(statutory tolling); *Holland v. Florida,* 560 U.S. 631 (2010)(equitable tolling).

6. Pannell does not allege, and the court cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). As such, the one-year period of limitations began to run when Pannell's conviction became final under § 2244(d)(1)(A).

> a. A conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired. *Griffith v. Kentucky*, 479 U.S. 314, 321 & n.6 (1987). Applying this rule, Pannell's conviction became final on direct review on January 21, 1998. This was the last day on which Pannell could have sought certiorari review of the decision of the Indiana Supreme Court. The statute of limitations pertaining to Pannell's conviction therefore commenced on January 22, 1999, and, absent statutory or equitable tolling,

expired one year later on January 23, 1999. Case law is clear that the limitations period is not tolled or restarted by post-conviction proceedings filed after the one-year period of limitation has expired. *De Jesus v. Acevedo*, 567 F.3d 941, 944 (7th Cir. 2009) ("A state court's order denying a request for collateral review (whether on the merits or for any procedural reason) does not require the exclusion, under § 2244(d)(2), of time that passed before the state collateral proceeding began.").

b. Because Pannell's action for post-conviction relief in the trial court was filed years later, on August 29, 2005, the statute of limitations did expire in January 1999. Thus, applying the limitations provisions of section 2244(d)(1)(A), this federal action is not timely under the statute. Pannell offers no reason why the action should not be dismissed on this basis and the Court finds that its dismissal as untimely is warranted.

7. Notwithstanding the procedural deficiency of the amended habeas petition, the Court will briefly examine the merits of Pannell's habeas claims. The court therefore proceeds to the merits, at least insofar as AEDPA permits. What that means in this case is that in order to prevail Pannell must show that the state court in his direct appeal unreasonably applied a federal doctrine declared by the United States Supreme Court." *Redmond v. Kingston*, 240 F.3d 590 (7th Cir. 2001) (citing 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362 (2000); *Morgan v. Krenke*, 232 F.3d 562 (7th Cir. 2000)).

8. "A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner." *Brown v. Payton*, 544 U.S. 131, 141 (2005) (internal citations omitted).

9. Pannell seeks habeas corpus relief based on the trial court's ruling excluding evidence of his wife's drug use. In rejecting this claim, the Indiana Supreme Court explained:

> The defense sought to introduce an affidavit and testimony by the victim's daughter that she had seen drug paraphernalia in her mother's bedroom on the day of the murder, and that her mother had a history of using and abusing drugs….Pannell claims the evidence is relevant because it sheds light on the events which occurred in the moments before Leisha's death. We disagree. Whether or not Leisha used drugs is not a fact of consequence in this case. Pannell did not raise any defense which placed Leisha's drug use at issue, and even if true, it would not make Pannell's killing of her more or less probable.
> . . . .

> Pannell claims the evidence is relevant because it sheds light on the events which occurred in the moments before Leisha's death. We disagree. Whether or not Leisha used drugs is not a fact of consequence in this case. Pannell did not raise any defense which placed Leisha's drug use at issue, and even if true, it would not make Pannell's killing of her more or less probable. Evidence of the victim's alleged drug use was thus irrelevant, and the trial court appropriately excluded it.

*Pannell*, 686 N.E.2d at 826.

10. A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). "To say that a petitioner's claim is not cognizable on habeas review is thus another way of saying that his claim 'presents no federal issue at all.'" *Perruquet v. Briley,* 390 F.3d 505, 511 (7th Cir. 2004)(quoting *Bates v. McCaughtry,* 934 F.2d 99, 101 (7th Cir. 1991)). If treated simply as a challenge to the trial court's evidentiary ruling, Pannell's first claim is simply not cognizable under § 2254(a). As the Supreme Court has clearly stated, "federal habeas corpus relief does not lie for errors of state law." *Swarthout v. Cooke,* 131 S. Ct. 859, 861 (2011).

11. Pannell's first habeas claim can also be understood as a due process challenge to the exclusion of evidence. *See Bigby v. Dretke,* 402 F.3d 551, 563 (5th Cir. 2005) (holding federal habeas review of a state court's evidentiary ruling focuses exclusively on whether the ruling violated federal constitutional protections). Due process is implicated only for rulings "of such a magnitude" or "so egregious" that they "render the trial fundamentally unfair" and relief will be warranted only when the challenged evidence "played a crucial, critical, and highly significant role in the trial." *Id.* The Supreme Court has "defined the category of infractions that violate 'fundamental fairness' very narrowly." *Dowling v. United States,* 493 U.S. 342, 352 (1990).

> Even under a Sixth Amendment analysis, the trial court and the state appellate court placed reasonable limits on the admissibility of this evidence. The Sixth Amendment to the United States "entitled by the Constitution to a meaningful opportunity to present a complete defense." *Wade v. Mantello,* 333 F.3d 51, 57 (2d Cir. 2003); *see also Clark v. Arizona,* 548 U.S. 735, 769 (2006) (holding that the

right to present a complete defense is "a matter of simple due process"); *Taylor v. Illinois,* 484 U.S. 400, 408 (1988) (holding that criminal defendants have the right to "put before a jury evidence that might influence the determination of guilt" (internal citations and quotation marks omitted)). At the same time, this right is subject to "reasonable restrictions." *Wade,* 333 F.3d at 58. State and federal rules of evidence may restrict evidence "to assure both fairness and reliability in the ascertainment of guilt and innocence." *Id.* (quoting *Chambers v. Mississippi,* 410 U.S. 284, 302 (1973)).

*United States v. Al Kassar*, 660 F.3d 108, 122-23 (2nd Cir. 2011). Applying this standard, Pannell's claim that the exclusion of evidence of his wife's drug use "render[ed] the trial fundamentally unfair" does not implicate a due process because the excluded evidence would not have played a crucial, critical, and highly significant role in the trial.

12. To review: "On a petition for writ of habeas corpus, a federal court will not review evidentiary questions unless there is a resultant denial of fundamental fairness or the denial of a specific constitutional right." *Stomner v. Kolb,* 903 F.2d 1123, 1128 (7th Cir. 1990) (internal citation and quotation marks omitted). "A habeas petitioner bears a heavy burden in showing a due process violation based on an evidentiary decision." *Boyde v. Brown,* 404 F.3d 1159, 1172 (9th Cir. 2005). Pannell's first claim falls short in this regard. That is, Pannell has not shown that the exclusion of the offered evidence was improper under Indiana state law or that its assertedly erroneous exclusion played a crucial, critical, and highly significant role in the trial. At the very least, it is apparent that the Indiana Supreme Court assessed the probative value of the evidence and concluded that, because of its irrelevance, its exclusion did not warrant retrial. *Horton v. Litscher*, 427 F.3d 498, 508 (7th Cir. 2005); *see also Rice v. McCann,* 339 F.3d 546, 550 (7th Cir. 2003) (holding that, because reasonable courts could differ on the exclusion of the evidence, the state court's approach could not be considered improper). In light of the broad latitude given such decisions under § 2254(d)(1), the Indiana Supreme Court's conclusion that the exclusion did not violate Pannell's right to present a defense is not an unreasonable application of clearly established

federal law. Thus, it cannot be said that the rejection of the claim in this instance was an unreasonable application of clearly established federal law.

13. Pannell's second habeas claim is that he was denied the effective assistance of counsel at trial for failing to admit an ambulance run report and for failing to present evidence of his drug use at the time of the crime.

14. *Strickland v. Washington,* 466 U.S. 668 (1984), provides the clearly established Federal law, as determined by the Supreme Court of the United States that governs Pannell's ineffective assistance of counsel claim.

> *Strickland* recognized that the Sixth Amendment's guarantee that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence" entails that defendants are entitled to be represented by an attorney who meets at least a minimal standard of competence. *Id.,* at 685–687. "Under *Strickland,* we first determine whether counsel's representation 'fell below an objective standard of reasonableness.' Then we ask whether 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Padilla v. Kentucky,* 559 U.S. 356, 366 (2010) (quoting *Strickland, supra,* at 688, 694).

*Hinton v. Alabama,* 134 S. Ct. 1081, 1087-88 (2014)(parallel citations omitted). Because of the deferential AEDPA standard, "[t]he question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable--a substantially higher threshold. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles v. Mirzayance,* 129 S. Ct. 1411, 1420 (2009)(internal citations and quotations omitted).

15. The Indiana Supreme Court recognized the two-prong *Strickland* standard in *Pannell.* 686 N.E.2d at 826. The Indiana Supreme Court observed that "the time of Pannell's arrival bears no discernible relation to the issues at trial." By inference, this was a finding that there was no discernible reason for the lawyer to have sought admission of the ambulance report.

The Indiana Supreme Court then explicitly declared that Pannell's contention otherwise did not "suggest[ ] that Pannell's lawyer performed below prevailing professional norms." *Id.* at 826-27. The premise that it does not fall below professional norms for a lawyer to refrain from seeking the admission of irrelevant evidence is constitutionally unexceptional. *See, e.g.*, *Martinez v. Schriro,* 2012 WL 5936566, at *10 (D.Ariz. Nov. 27, 2012) (holding that counsel was not ineffective in failing to introduce "arguably irrelevant evidence"); *Dunlavey v. Court of Common Pleas,* 2004 WL 1563012, at *23 (E.D.Pa. July 13, 2004)("Under *Strickland'* s deferential standards, courts cannot hold an attorney to be ineffective for failing to introduce irrelevant or unhelpful evidence.").

16. "There is a strong presumption that counsel's performance falls within the wide range of professional assistance." *Kimmelman v. Morrison,* 477 U.S. 365, 381 (1986) (internal quotation marks omitted). Once again, therefore, the Indiana Supreme Court "took the constitutional standard seriously and produced an answer within the range of defensible positions." *Mendiola v. Schomig,* 224 F.3d 589, 591 (7th Cir. 2000). Its result was not "an unreasonable application of clearly established Federal law." *Mitchell v. Esparza,* 540 U.S. 12, 17 (2003) (per curiam). Accordingly, this decision is entitled to AEDPA deference under ' 2254(d)(1), *id.,* and Pannell is not entitled to habeas corpus relief based on his claim that he was denied the effective assistance of counsel.

17. Pannell argues in his reply that there were other claims of ineffective assistance of counsel and prosecutor misconduct in his direct appeal as to which he has committed procedural default. A federal court may not grant relief on a procedurally defaulted claim unless the petitioner can establish cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that the court's failure to consider the claim will result in a miscarriage of justice. *See Coleman v. Thompson,* 501 U.S. 722, 750 (1991).

18. He argues that this Court can reach the merits of such claims because it would constitute a fundamental miscarriage of justice for the Court not to do so. The fundamental miscarriage of justice exception applies in "situations where the constitutional violation has probably resulted in a conviction of one who is actually innocent." *Dellinger v. Bowen,* 301 F.3d 758, 767 (7th Cir. 2002) (citing *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). To show actual innocence, a petitioner must present "new, reliable evidence of his innocence" so convincing that "'in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Woods v. Schwartz,* 589 F.3d 368, 377 (7th Cir. 2009) (quoting *Schlup,* 513 U.S. at 329); *see Gomez v. Jaimet,* 350 F.3d 673, 679 (7th Cir. 2003) ("To support a colorable claim of actual innocence, the petitioner must come forward with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.") (internal quotation marks omitted). Pannell fails entirely to meet this burden and any claim which could be construed as procedurally defaulted will not be considered on its merits.

19. "[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 112 S. Ct. 1715, 1722 (1992) (O'Connor, J., dissenting) (internal citations omitted). Two of these are the statute of limitations and the doctrine of procedural default. These are barriers Pannell faces here and has failed to overcome. There is also no merit to Pannell's arguments that the respondent has failed to respond properly or timely to the amended petition for writ of habeas corpus.

20. Apart from the procedural barriers, the claims Pannell presents do not warrant habeas relief in light of the deferential standard required by the AEDPA. *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)("A state court's determination that a claim lacks merit precludes federal

habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision.")(quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The standard of § 2254(d) is "difficult to meet . . . because it was meant to be." *Burt v. Titlow,* 134 S. Ct. 10, 16 (2013) (internal quotation marks omitted); *see also Cavazos v. Smith,* 132 S. Ct. 2, 7–8 (2011) (per curiam) (citing Supreme Court jurisprudence "highlighting the necessity of deference to state courts in § 2254(d) habeas cases"). Pannell's amended habeas petition fails to satisfy this difficult standard and that petition is therefore **denied.**

21. Judgment consistent with this Entry shall now issue.

22. Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing ' 2254 Proceedings*, and 28 U.S.C. ' 2253(c), the court finds that Pannell has failed to show that reasonable jurists would find Ait debatable whether the petition states a valid claim of the denial of a constitutional right@ or Adebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appeal.

IT IS SO ORDERED.

Date: March 19, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

David Pannell
DOC #963265
Indiana State Prison
Inmate Mail/Parcels
One Park Row
Michigan City, IN 46360