UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DAVID PANNELL,               )
                             )
              Petitioner,    )
                             )
                             )    Case No. 1:12-cv-01301-JMS-DML
                             )
SUPERINTENDENT, Indiana State Prison,  )
                             )
                             )
              Respondent.    )


**Order Granting and Denying Pending Motions**

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or a motion seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b)." *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991). Habeas petitioner David Pannell, a state prisoner, has opted for the Rule 59(e) route with respect to the final judgment entered on the clerk's docket on March 19, 2015.

**I. The Motions to Amend the Motion to Alter or Amend Judgment**

A Rule 59(e) motion must be filed within 28 calendar days from the entry of judgment on the clerk's docket. No extension of time for the filing of such a motion is permitted. *See Winston Network, Inc. v. Indiana Harbor Belt R. Co.,* 944 F.2d 1351, 1362 (7th Cir. 1991); *Vukadinovich v. McCarthy,* 901 F.2d 1439, 1445 (7th Cir. 1990). Permitting a timely Rule 59(e) motion to be amended after the expiration of that 28-day period, which is what the petitioner seeks through his motions to amend filed on April 23, 2015, would circumvent the inflexible 28-day deadline.

When a motion is filed more than 28 days after the entry of judgment, regardless of how labeled, it is treated as a Rule 60(b) motion. See *Talano v. Northwestern Med. Faculty Found., Inc.,* 273 F.3d 757, 762 (7th Cir. 2001); *Hope v. United States,* 43 F.3d 1140, 1143 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 301 (7th Cir. 1992). Because the petitioner plainly does not seek to convert his timely Rule 59(e) to a Rule 60(b) motion for relief from judgment, his motions to amend the Rule 59(e) motion [dkt 92 and 93] are **denied**. By the same token, however, the motion to amend the motion to alter or amend judgment filed on April 13, 2015 [dkt 90] is **granted.**

### I. The Motion to Alter or Amend Judgment

David Pannell is a prisoner of the State of Indiana based on his conviction for the February 17, 1996, stabbing death of his wife Leisha. *See Pannell v. State*, 686 N.E.2d 824, 825 (Ind. 1997). His challenge here was asserted in his amended petition for writ of habeas corpus. His original petition was dismissed without prejudice because it contained both exhausted and unexhausted claims. That dismissal was vacated on May 22, 2014, at which time the petitioner was permitted to file an amended petition "containing only claims which have been exhausted in the Indiana state courts." The amended petition was filed on June 19, 2014 and after briefing was denied in the Entry and Judgment docketed on March 19, 2015. The Court denied relief based on its findings that the habeas action had not been timely filed and, in any event, the state courts' resolution of Pannell's exhausted claims did not satisfy the stringent standard of 28 U.S.C. § 2254(d). *See Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)("A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision.")(quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

As noted above, a timely Rule 59(e) motion was then filed.

The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988). "A Rule 59(e) motion will be successful only where the movant clearly establishes: '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Cincinnati Life Ins. Co. v. Beyrer,* 722 F.3d 939, 954 (7th Cir. 2013) (citation omitted). A manifest error of law under Rule 59(e) means the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Anderson v. Catholic Bishop of Chicago,* 759 F.3d 645, 653 (7th Cir. 2014) (citation omitted).

There was in this case no manifest error of law or fact. "[T]he petitioner bears the burden of proving his habeas claim," *Quintana v. Chandler,* 723 F.3d 849, 854 (7th Cir. 2013). He failed to meet that burden. The Court did not misapprehend the petitioner's claims, nor did it misapply the law to those claims in light of the underlying record in finding that the petitioner was not entitled to relief pursuant to 28 U.S.C. § 2254(a). Accordingly, the motion to alter or amend judgment [dkt 89] is **denied**.

IT IS SO ORDERED.

Date: 05/04/2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

David Pannell
DOC #963265
Indiana State Prison
Inmate Mail/Parcels
One Park Row
Michigan City, IN 46360

Electronically Registered Counsel