UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID PANNELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:12-cv-01301-JMS-DML |
| ) | |
| SUPERINTENDENT, Indiana State Prison, ) | |
| ) | |
| Respondent. ) | |

**E N T R Y**

**I.**

David Pannell is serving the sentence imposed following his conviction of murder based on the stabbing death of his wife Leisha. *See Pannell v. State*, 686 N.E.2d 824 (Ind. 1997). Pannell filed a petition for writ of habeas corpus, seeking his release, and after various proceedings filed an amended petition for writ of habeas corpus, which was denied on March 19, 2015. His appeal from that disposition has been docketed as No. 15-2221 and is pending. One of the matters pending in the appeal just referenced is Pannell's request for a certificate of appealability (which this court had previously declined to issue).

On November 9, 2015, Pannell filed a motion for relief from judgment, along with his supporting memorandum and along with his brief. The Rule 60(b) motion argues that the court committed legal error in not addressing claims in the amended habeas petition as to which Pannell had committed procedural default. This is not a ground on which relief pursuant to Rule 60(b) can be granted; indeed, the assertion of legal error is a forbidden ground under Rule 60(b). *See Marques v. FRB,* 286 F.3d 1014, 1018-19 (7th Cir. 2002).

Alternatively, treating the Rule 60(b) motion in the terms Pannell has used, the Judgment dismissing this action is most certainly not "void." *See Kansas City S. Ry. Co. v. Great Lakes Carbon Corp.,* 624 F.2d 822, 825 n.5 (8th Cir. 1980) ("The concept of a void judgment is extremely limited. Professor Moore indicates the concept is so narrowly restricted that, although seemingly incongruous, a federal court judgment is almost never void because of lack of federal subject matter jurisdiction.") (citing 7 Moore's Federal Practice ¶ 60.25[2], at 305-06 (2d ed. 1979)) (other citations omitted); *see also Baumlin & Ernst, Ltd. v. Gemini, Ltd.,* 637 F.2d 238, 241-42 (4th Cir. 1980)(explaining that an "[e]rror . . . does not make the judgment void" under Rule 60(b)(4)).

In order for a Rule 60(b) movant to obtain the relief requested, he must show that he had both grounds for relief, *Fed. R. Civ. P.* 60(b)(1)-(5), and a meritorious claim or defense. *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.,* 687 F.2d 182, 185 (7th Cir. 1982). His motion for relief from judgment does not show either of these circumstances. *See West v. Schneider*, 485 F.3d 393, 395 (7th Cir. 2007)("Litigants who want to test the correctness of a district court's decision must appeal immediately. No extraordinary post-judgment event justifies reopening this decision under Rule 60(b)."). That motion [dkt 114] is therefore **denied.**

## II.

The ruling in Part I of this Entry requires the court to address a further point. Under 28 U.S.C. § 2253(c)(1)(A), a certificate of appealability is required for any appeal from an order in a habeas proceeding in which the "detention complained of arises out of process issued by a State court." *West v. Schneiter,* 485 F.3d 393, 394 (7th Cir. 2007); *see also Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005)("Sveum's Rule 60(b) motion was a mislabeled habeas corpus petition reasserting his ineffective assistance of counsel claim. He must therefore obtain a certificate of

appealability in order to be able to proceed. And because this is an unauthorized successive collateral attack, Sveum cannot satisfy the criteria for a certificate of appealability, so we deny his request for one.")(internal citations omitted). Here, because Pannell has failed to show that reasonable jurists would find Ait debatable whether the [post-judgment motion] states a valid claim of the denial of a constitutional right,@ *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)—or even whether his post-judgment motion presents a viable basis for relief pursuant to Rule 60(b)—the court **denies** a certificate of appealability.

    IT IS SO ORDERED.

Date: _November 13, 2015_

    Hon. Jane Magnus-Stinson, Judge
    United States District Court
    Southern District of Indiana

Distribution:

Electronically Registered Counsel

David Pannell
DOC #963265
Indiana State Prison
Inmate Mail/Parcels
One Park Row
Michigan City, IN 46360